Timothy M. Haggerty (N.J. Bar # 030462005)
Jason C. Rubinstein*
Mala Ahuja Harker*
Sofia G. Syed*
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
**Pro hac vice* application to be filed

*Attorneys for Defendant Spotify USA Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOHAMED SALEH, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>SPOTIFY USA INC.,<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Superior Court of New Jersey<br>Law Division:  Bergen County<br>Docket No. BER-L006625-22 |

TO:   Daniel Zemel, Esq.
　　　Zemel Law, LLC
　　　660 Broadway
　　　Paterson, New Jersey 07514
　　　*Attorneys for Plaintiff*

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Spotify USA Inc. ("Spotify") hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey.  The grounds for removal are as follows:

1. Plaintiff Mohamed Saleh ("Plaintiff") commenced the above-captioned action (the "Action") on December 12, 2022 by filing a Civil Complaint in the Superior Court of New Jersey, Bergen County. A true and correct copy of the Civil Complaint (the "Complaint" or "Compl.") is attached hereto as Exhibit A. Spotify, the sole Defendant in this action, has not been served with process in this case.

2. This notice is being filed within 30 days of the filing of the Complaint and therefore is timely under 28 U.S.C. § 1446(b). To the best of its knowledge, Spotify has not been served with the Complaint in this Action. Counsel for Spotify has reached out to counsel for Plaintiff to confirm whether Plaintiff has attempted to serve Spotify and, if so, when and by what means. As of the date of this filing, Plaintiff's counsel has declined to provide Spotify with such information in response to Spotify's inquiry. Because it is uncertain whether Plaintiff has completed service on Spotify, Spotify is filing this Notice of Removal today (the thirtieth day from the filing of the Complaint) out of an abundance of caution, and without prejudice to any defenses it may have to the validity of service.

3. This action is within the original jurisdiction of this Court based on federal question jurisdiction under 28 U.S.C. § 1331 because the action arises under and is governed by the laws of the United States.

4. Specifically, the Complaint asserts only two claims, both of which are expressly based on, and governed by, federal statutes: (a) Count I of the Complaint, which purports to assert a claim under 18 U.S.C. § 2511, the Federal Wiretap Act (the "Wiretap Act"); and (b) Count II of the Complaint, which purports to assert a claim under 18 U.S.C. § 2710, the Video Privacy Protection Act (the "VPPA"). *See* Compl. ¶¶ 41-49.

5. If either of the two claims asserted in Plaintiff's Complaint is outside of this Court's jurisdiction under 28 U.S.C. § 1331, then as an alternative ground, this Court has supplemental jurisdiction under 28 U.S.C. § 1367, because both of the claims set forth in the Complaint arise from the same alleged facts and are predicated on the same alleged conduct; thus, they are so related that they form part of the same case or controversy.

6. In addition, Plaintiff purports to bring his claims as a class action. *See* Compl. ¶¶ 26-40. Pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

  a. Plaintiff alleges that there may be "hundreds, if not thousands" of putative class members, Compl. ¶ 28, and seeks class-wide monetary damages, including "statutory, liquidated, and punitive damages," as well as attorneys' fees. *Id.* ¶¶ 1, 40, & Request for Relief ¶ 4. The VPPA provides for damages of $2,500 per violation, and the Wiretap Act provides for damages of $100 per violation per day or $10,000. Plaintiff does not allege that the damages sought fall below CAFA's $5 million jurisdictional threshold. *See generally* Compl.

  b. To the contrary, Plaintiff's allegations regarding class size and damages confirm that the Complaint satisfies the minimum jurisdictional amount required by CAFA for removal. *See Frederico v. Home Depot*, 507 F.3d 188, 197-99 (3d Cir. 2007). In *Frederico*, the U.S. Court of Appeals for the Third

Circuit held that the amount in controversy was sufficiently alleged above the jurisdictional threshold even though the plaintiff did not "state an exact sum sought in her complaint." *Id.* at 197. The *Frederico* court considered the number of individuals alleged to belong to the putative class, the plaintiff's requests for compensatory and punitive damages, and the plaintiff's request for attorneys' fees. *Id*. at 199 (estimating punitive damages up to 5x the compensatory damages and attorneys' fees equal to 30% of the estimated judgment). The court calculated thusly: "$5 million, the jurisdictional threshold, divided by the total amount of damages sought for [plaintiff] herself, $2,239.69, produces a requisite class size of 2,233 individuals." *Id.*

c. Here, the same calculation can be performed using Plaintiff's allegations to demonstrate that the Complaint exceeds CAFA's amount in controversy threshold for removal: $5 million, the jurisdictional threshold, to be divided by the combined statutory damages under the VPPA ($2,500 per violation) and the Wiretap Act ($100 per violation for a first offender), punitive damages, and reasonable attorney's fees. Assuming, based on the face of the Complaint, that Plaintiff and other putative class members each seek an award of (a) $2,600 in statutory damages, (b) punitive damages in like amount ($2,600), and (c) legal fees equal to 30% of a $5,200 judgment ($1,560), for a total sought of $6,760 per class member, the putative class must comprise 740 individuals to meet the amount-in-controversy requirement. Plaintiff here alleges possibly "thousands" of class members. Compl. ¶ 28. The allegations

       of the Complaint therefore support the conclusion that the Action exceeds CAFA's amount in controversy threshold.

    d. Plaintiff is a citizen of New Jersey and Spotify has its principal place of business in New York.  *See* Compl. ¶¶ 2-4.  Spotify is also incorporated in Delaware.   A true and correct copy of Spotify's Certificate of Incorporation is attached hereto as Exhibit B.  Accordingly, a "member of" the putative class "is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

7. Because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332(d), it is removable under 28 U.S.C. § 1441(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Bergen County, where the action is pending, is a state court located within the District of New Jersey.

9. A true and correct copy of the docket sheet for this Action in the Superior Court of New Jersey, Bergen County, is attached hereto as Exhibit C.  Exhibit C confirms that the Complaint attached hereto as Exhibit A is the only "process, pleadings, [or] orders" filed in the Action.  28 U.S.C. § 1446(a).

10. By filing this Notice of Removal, Defendant does not waive any defenses, claims, arguments or rights of any kind.

11. Defendant is providing written notice of the removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Bergen County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant hereby removes the Action in its entirety, and without waiver of any procedural or substantive defenses, from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey.

Dated: Newark, New Jersey
January 11, 2023

Respectfully submitted,

FRIEDMAN KAPLAN SEILER
 & ADELMAN LLP

s/ Timothy M. Haggerty
Timothy M. Haggerty
(N.J. Bar # 030462005)
Jason C. Rubinstein*
Mala Ahuja Harker*
Sofia G. Syed*
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Pro hac vice application to be filed

*Attorneys for Defendant
Spotify USA Inc.*