UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED SALEH, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>SPOTIFY USA INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:23-cv-00147-KM-JSA<br><br>**DECLARATION OF SOFIA SYED IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS** |

SOFIA SYED, pursuant to 28 U.S.C. § 1746, states as follows :

1.　I am an attorney with the law firm Friedman Kaplan Seiler Adelman & Robbins LLP, counsel for Defendant Spotify USA Inc. ("Spotify") in the above-captioned action. I make this Declaration in support of Spotify's Motion to Compel Arbitration on an Individual Basis (the "Motion"), and to make part of the record documents referred to in the Motion. The statements in this Declaration are based on my personal knowledge.

**Plaintiff's Spotify Account**

2.　As set forth below, on no fewer than four occasions, counsel for Spotify has asked counsel for plaintiff Mohamed Saleh ("Plaintiff") to confirm Plaintiff's Spotify user account information, including the email address associated with Plaintiff's Spotify account. Spotify sought this information for the purpose of identifying records relating to Plaintiff's Spotify account, including for the purpose of establishing whether Plaintiff is—as he alleges in his Civil Complaint ("Complaint")—a paid user of Spotify's service. A true and correct copy of the

Complaint is attached hereto as <u>Exhibit A</u>.  *See* Compl. ¶ 22 (alleging that Plaintiff "consistently paid Spotify a subscription fee during the period of his subscription").

3. Plaintiff's counsel has not provided the requested information.

4. On January 10, 2023, my colleague Jason Rubinstein and I spoke with Daniel Zemel, counsel for Plaintiff, by telephone.  During that telephone call, Mr. Rubinstein informed Mr. Zemel that Spotify would need information—in particular the email address associated with Plaintiff's Spotify account—to confirm Plaintiff's account records, as Plaintiff's name alone was unlikely to be sufficient.

5. Later that day, Mr. Rubinstein emailed Mr. Zemel to follow up on our telephone call.  Mr. Rubinstein wrote, "Can you please provide us with the email address your client used when signing up for Spotify's service? Spotify cannot identify Mr. Saleh's account and any information associated with his account by using just his name."  A true and correct copy of an email chain between counsel for Spotify and Mr. Zemel dated from January 10, 2023 to January 11, 2023, which includes the email described in the preceding sentence, is attached hereto as <u>Exhibit B</u>.  Mr. Zemel did not respond to this inquiry.

6. On January 13, 2023, Mr. Rubinstein again emailed Mr. Zemel requesting that he identify the email address associated with Plaintiff's Spotify account:  "Also, to follow up on our earlier request, please let us know, as soon as possible, your client's Spotify user name and the email address associated with his Spotify account.  Spotify will need this information to confirm that Mr. Saleh is a Spotify user and to identify any records associated with his Spotify account."  A true and correct copy of an email chain between counsel for Spotify and Mr. Zemel dated from January 12, 2023 to January 19, 2023, which includes Mr. Rubinstein's January 13, 2023 email

to Mr. Zemel, is attached hereto as <u>Exhibit C</u>.  Yet again, Mr. Zemel did not respond to this inquiry.

       7.       Unable to obtain the information from Mr. Zemel, counsel for Spotify attempted to identify the email address associated with Plaintiff's Spotify account through other means.  Specifically, our team conducted a public records search of individuals named "Mohamed Saleh" in New Jersey and identified an email address that Spotify determined to be affiliated with a paid Spotify user account.  Spotify's records indicate that the user account associated with that email address is also associated with the same address in Ridgefield, New Jersey listed on the public records report for that individual.  Plaintiff alleges in the Complaint that he is a resident of Ridgefield, New Jersey.  Compl. ¶ 3.  On the basis of this information, Spotify concluded that the user account affiliated with the email address we identified is Plaintiff's account.  *See* Declaration of John Ohle ¶ 15, submitted herewith. Because the public records report contains personally identifiable information relating to Plaintiff and others, Spotify does not attach a copy of the report to this Declaration.  It is prepared to make a copy available to the Court or to Mr. Zemel if they request it.

       8.       Out of an abundance of caution, Spotify asked Mr. Zemel to confirm that Plaintiff had used the above-referenced email address when signing up for Spotify.  On January 19, 2023, Mr. Rubinstein emailed Mr. Zemel, "Spotify believes that your client signed up for Spotify service using the following email address: [*omitted for filing*].  Please confirm without further delay that this is your client's email address.  Spotify needs to know Mr. Saleh's email address to confirm whether he was, as he alleges, a paid Spotify subscriber and, if so, to identify other records concerning his Spotify account that may be relevant to this action." Exhibit C at 1.  Mr. Zemel failed to respond to this inquiry.

9. As of the date of this filing, Mr. Zemel has not responded to Spotify's inquiries regarding Plaintiff's email address and/or other account information.

**Plaintiff and Mr. Zemel's Generic VPPA Complaints**

10. Plaintiff and/or his counsel have filed VPPA lawsuits against other defendants that copy and paste, verbatim, the same conclusory allegations and claims asserted against Spotify in this action.

11. Attached hereto as Exhibit D is a true and correct copy of the Civil Complaint filed on December 12, 2022 by Zemel Law, LLC on behalf of Mohamed Saleh as plaintiff in *Saleh v. Udemy, Inc.*, Dkt. No. BER-L-006626-22 (Bergen Cnty., N.J.) (the "*Saleh II* Complaint"). The docket stamp located in the header of the *Saleh II* Complaint indicates it was filed at 5:45 p.m., six minutes after the filing of the Complaint in this action.

12. The *Saleh II* Complaint is virtually identical to the Complaint in this action. The allegations and counts are the same. Only the defendants' respective names and biographical information are different. Attached hereto as Exhibit E is a true and correct copy of a redline comparison of the Complaint in this action compared to Exhibit D.

13. Attached hereto as Exhibit F is a true and correct copy of the Class Action Complaint filed on December 7, 2022 by Zemel Law, LLC on behalf of the plaintiff in *Siegfried v. Dick's Sporting Goods, Inc.*, Dkt. No. 2:22-cv-04877 (E.D. Pa.) (the "*Siegfried* Complaint").

14. The *Siegfried* Complaint is substantially similar to the Complaint in this action. The *Siegfried* Complaint asserts a VPPA claim and sets forth the same supporting allegations as the Complaint in this action—again verbatim. The defendants' respective names and biographical information are different, and the *Siegfried* Complaint does not assert a count under the Wiretap Act, but the *Siegfried* Complaint is otherwise identical to the Complaint in this

action.  Attached hereto as <u>Exhibit G</u> is a true and correct copy of a redline comparison of the Complaint in this action compared to Exhibit F.

      15.    I declare under penalty of perjury that the foregoing is true and correct. Executed on March 23, 2023 in New York, New York.

*/s/ Sofia Syed*

Sofia Syed